| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

_____ District of Connecticut _____
(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**
Genever Holdings Corporation

**2. All other names debtor used in the last 8 years**
N/A

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**
– – – – – – – – –

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
| --- | --- |
| P.O. Box 3170 | 200 Park Avenue, Floor 29 |
| Number       Street | Number       Street |
| | c/o Mr. Luc A. Despins, as Chapter 11 Trustee for Chapter 11 Estate of Ho Wan Kwok |
| Road Town       Tortola | New York       NY       10166 |
| City       State       Zip Code | City       State       Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| British Virgin Islands | New York, New York |
| County | |

**5. Debtor's website (URL)**
_____

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor  **Genever Holdings Corporation** _____     Case number (if known) _____
         Name

| 7. | **Describe debtor's business** | A. *Check One:* |
|---|---|---|

        ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

        ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

        ☐ Railroad (as defined in 11 U.S.C. § 101(44))

        ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

        ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

        ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

        ☒ None of the above

    B. *Check all that apply:*

        ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

        ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C.
          § 80a-3)

        ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

    C. NAICS (North American Industry Classification **System**) 4-digit code that best describes debtor. See
      http://www.uscourts.gov/four-digit-national-association-naics-codes .

      <u>5 3</u> 1 <u>3</u>

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
|---|---|---|

    ☐ Chapter 7

    ☐ Chapter 9

    ☒ Chapter 11.  *Check all that apply:*

        ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to
          insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on
          4/01/22 and every 3 years after that).

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the
          debtor is a small business debtor, attach the most recent balance sheet, statement
          of operations, cash-flow statement, and federal income tax return, or if all of these
          documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ A plan is being filed with this petition.

        ☐ Acceptances of the plan were solicited prepetition from one or more classes of
          creditors, in accordance with 11 U.S.C. § 1126(b).

        ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the
          Securities and Exchange Commission according to § 13 or 15(d) of the Securities
          Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing*
          *for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule
          12b-2.

    ☐ Chapter 12

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☒ No ☐ Yes. | | | | | |
|---|---|---|---|---|---|---|---|
| | | District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
| | | District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No ☒ Yes. | | | | |
|---|---|---|---|---|---|---|
| | | Debtor | Ho Wan Kwok | Relationship | Equityholder |
| | | District | Connecticut | When | 02/15/2022 MM / DD / YYYY |
| | | Case number, if known | 22-50073 (JAM) | | |

Debtor    **Genever Holdings Corporation**
     Name

Case number *(if known)*

---

| | |
|---|---|
| **11. Why is the case filed in *this* district?** | *Check all that apply:*<br><br>☐   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☒   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>    **Why does the property need immediate attention?** (*Check all that apply.*)<br><br>    ☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>        What is the hazard? _____<br><br>    ☐   It needs to be physically secured or protected from the weather.<br><br>    ☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>    ☐   Other _____<br><br>    **Where is the property?** _____<br>        Number    Street<br><br>        _____<br>        City        State    Zip Code<br><br>    **Is the property insured?**<br><br>    ☐ No<br><br>    ☐ Yes.  Insurance agency _____<br><br>        Contact name _____<br><br>        Phone _____ |

---

| **Statistical and administrative information** |
|---|

---

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.[1]<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

---

| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☒ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|

---

| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

---

| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

---

1.    At this time, no assurances can be given that funds will be available for distribution to unsecured creditors.

Debtor    **Genever Holdings Corporation**        Case number *(if known)*        
    Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/11/2022
     MM/ DD / YYYY

**✗** _(signature)_          Claire Abrehart
  Signature of authorized representative of debtor  Printed name

Title  Director

**18. Signature of attorney**

**✗** _(signature)_        Date 10/11/2022
  Signature of attorney for debtor      MM/DD/YYYY

Douglas S. Skalka
Printed name

Neubert, Pepe & Monteith, P.C.
Firm name

195 Church Street, 13th Floor
Number   Street

New Haven        CT    10166
City          State   ZIP Code

203 821 2000       dskalka@npmlaw.com
Contact phone       Email address

304010       CT
Bar number      State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Connecticut
(State)

Case number *(if known):* _____    Chapter ___11___

☐ Check if this is an amended filing

## Schedule 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

- On February 15, 2022, Ho Wan Kwok (together with Genever Holdings Corporation, the "Debtors") filed a petition in the United States Bankruptcy Court for Connecticut for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Ho Wan Kwok.

- On October 12, 2020, Genever Holdings LLC filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
---------------------------------------------------x
                                           :
In re:                                     :    Chapter 11
                                           :
GENEVER HOLDINGS CORPORATION, :    Case No. 22-[_____] ([____])
                                           :
            Debtor.                        :
                                           :
---------------------------------------------------x
```

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Genever Holdings Corporation | Luc Despins, as chapter 11 trustee for the chapter 11 estate of Ho Wan Kwok[2] | 200 Park Avenue New York, NY 10166 United States | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

[2]  Mr. Despins, in his capacity as the chapter 11 trustee for the chapter 11 estate of Ho Wan Kwok, is the registered owner of the shares of Genever Holdings Corporation.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                      :

In re:                    :    Chapter 11
                      :

GENEVER HOLDINGS CORPORATION, :    Case No. 22-[_____] ([____])
                      :

        Debtor.       :
                      :
---------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Holder | Approximate Percentage of Equity Held |
|---|---|
| Luc Despins, as chapter 11 trustee for the chapter 11 estate of Ho Wan Kwok[1] | 100% |

---

[1]   Mr. Despins, in his capacity as the chapter 11 trustee for the chapter 11 estate of Ho Wan Kwok, is the registered owner of the shares of Genever Holdings Corporation.

Fill in this information to identify the case and this filing:

Debtor Name:  Genever Holdings Corporation

United States Bankruptcy Court for the:        District of Connecticut
                                           (State)
Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration__List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

10/11/2022             ☒ _____
MM/ DD/YYYY            Signature of individual signing on behalf of debtor

Claire Abrehart
Printed name

Director
Position or relationship to debtor

Official Form 202             Declaration Under Penalty of Perjury for Non-Individual Debtors

Fill in this information to identify the case and this filing:

Debtor Name:    Genever Holdings Corporation

United States Bankruptcy Court for the:    District of Connecticut
(State)

Case number (If known):

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders[1] [2]    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).[3] Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 1 | Pacific Alliance Asia Opportunity | Stuart Sarnoff, Esq c/o O'Melveney & Myers, LLP 7 Times Square New York, NY 10065 (212) 326-2293 ssarnoff@omm.com | Litigation | Contingent Unliquidated Disputed | | | $254,000,000.00 |
| 2 | Rui Ma c/o Carollynn HG Callari, Esq. Callari Partners LLC 100 Somerset Corp Blvd., Suite 206 Bridgewater, NJ 08807 | Carollynn HG Callari, Esq. Callari Partners LLC 100 Somerset Corp Blvd., Suite 206 Bridgewater, NJ 08807 908.240.3964 ccallari@callaripartners.com | Willful Personal Injury | Contingent Unliquidated Disputed | | | $20,000,000.00 |
| 3 | Cheng Jian Wu Jian She c/o Law Office of Ning Ye, Esq. 135-11 8th Ave. #1A Flushing, NY 11354 | Ning Ye, Esq. Law Office of Ning Ye, Esq. 135-11 8th Ave. #1A Flushing, NY 11354 (718) 308-6626 yeningusa@gmail.com | Litigation | Contingent Unliquidated Disputed | | | $14,898,483.90 |

[1]    The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor with respect to all or any portion of the claims listed herein.  Moreover, nothing herein shall affect the Debtor's right to challenge the amount, priority, validity, or characterization of any claim at a later date.

[2]    The Debtor is in the process of investigating the universe of its potential creditors.  Given that Genever Holdings Corporation may be an *alter ego* of Ho Wan Kwok, unsecured creditors who were scheduled in the chapter 11 case of Mr. Ho Wan Kwok or filed proofs of claims against Mr. Kwok in his chapter 11 case have been included on this list as well.  Genever Holdings Corporation reserves all rights in respect to these claims.

[3]    Certain entities have been excluded from this list because they are insiders of Genever Holdings Corporation.  Genever Holdings Corporation reserves all its rights in this regard.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 4 Gaosheng Guo c/o Law Office of Ning Ye, Esq. 135-11 8th Ave. #1A Flushing, NY 11354 | Ning Ye, Esq. Law Office of Ning Ye, Esq. 135-11 8th Ave. #1A Flushing, NY 11354 (718) 308-6626 yeningusa@gmail.com | Litigation | Contingent Unliquidated Disputed | | | $12,000,000.00 |
| 5 Ning Ye Law Office of Ning Ye, Esq. 135-11 8th Ave. #1A Flushing, NY 11354 | Ning Ye, Esq. Law Office of Ning Ye, Esq. 135-11 8th Ave. #1A Flushing, NY 11354 (718) 308-6626 yeningusa@gmail.com | Litigation | Contingent Unliquidated Disputed | | | $12,000,000.00 |
| 6 Yan Zhao c/o Law Office of Ning Ye, Esq. 135-11 8th Ave. #1A Flushing, NY 11354 | Ning Ye, Esq. Law Office of Ning Ye, Esq. 135-11 8th Ave. #1A Flushing, NY 11354 (718) 308-6626 yeningusa@gmail.com | Litigation | Contingent Unliquidated Disputed | | | $12,000,000.00 |
| 7 Xiqiu "Bob" Fu c/o Irve J. Goldman Pullman & Compley, LLC 850 Main St. P O Box 7006 Bridgeport, CT 06601 | Irve J. Goldman Pullman & Compley, LLC 850 Main St. P O Box 7006 Bridgeport, CT 06601 (203) 330-2213 igoldman@pullcom.com | Litigation | Contingent Unliquidated Disputed | | | $10,000,000.00 |
| 8 Zheng ("Bruno") Wu and Yang Lan c/o Carollynn HG Callari, Esq. Callari Partners LLC 100 Somerset Corp Blvd., Suite 206 Bridgewater, NJ 08807 | Carollynn HG Callari, Esq. Callari Partners LLC 100 Somerset Corp Blvd., Suite 206 Bridgewater, NJ 08807 908.240.3964 ccallari@callaripartners.com | Wilful Injury | Contingent Unliquidated Disputed | | | $10,000,000.00 |
| 9 Hong Qi Qu c/o Kevin Tung, Esq. Kevin Kerveng Tung P.C. Queens Crossing Business Center 136-20 38th Avenue, Suite 3D Flushing, NY 11354 | Kevin Tung, Esq. Kevin Kerveng Tung P.C. Queens Crossing Business Center 136-20 38th Avenue, Suite 3D Flushing, NY 11354 (718) 939-4633 ktung@kktlawfirm.com | Litigation | Contingent Unliquidated Disputed | | | $9,809,422.71 |
| 10 Nan Tong Si Jian c/o Kevin Tung, Esq. Kevin Kerveng Tung P.C. Queens Crossing Business Center 136-20 38th Avenue, Suite 3D Flushing, NY 11354 | Kevin Tung, Esq. Kevin Kerveng Tung P.C. Queens Crossing Business Center 136-20 38th Avenue, Suite 3D Flushing, NY 11354 (718) 939-4633 ktung@kktlawfirm.com | Litigation | Contingent Unliquidated Disputed | | | $5,568,522.66 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 11 Jian Gong c/o Kevin Tung, Esq. Kevin Kerveng Tung P.C. Queens Crossing Business Center 136-20 38th Avenue, Suite 3D Flushing, NY 11354 | Kevin Tung, Esq. Kevin Kerveng Tung P.C. Queens Crossing Business Center 136-20 38th Avenue, Suite 3D Flushing, NY 11354 (718) 939-4633 ktung@kktlawfirm.com | Litigation | Contingent Unliquidated Disputed | | | $5,380,262.32 |
| 12 Logan Cheng c/o Jay M. Wolman Randazza Legal Group, PLLC 100 Pearl Street, 14th Floor Hartford, CT 06103 | Jay M. Wolman Randazza Legal Group, PLLC 100 Pearl Street, 14th Floor Hartford, CT 06103 (702) 420-2001 x18 jmw@randazza.com | Willful Injury | Contingent Unliquidated Disputed | | | $5,000,000.00 |
| 13 Yan Zhao c/o Law Office of Ning Ye, Esq. 135-11 8th Ave. #1A Flushing, NY 11354 | Ning Ye, Esq. Law Office of Ning Ye, Esq. 135-11 8th Ave. #1A Flushing, NY 11354 (718) 308-6626 yeningusa@gmail.com | Litigation | Contingent Unliquidated Disputed | | | $3,000,000.00 |
| 14 Yua Hua Zhuang Shi c/o Kevin Tung, Esq. Kevin Kerveng Tung P.C. Queens Crossing Business Center 136-20 38th Avenue, Suite 3D Flushing, NY 11354 | Kevin Tung, Esq. Kevin Kerveng Tung P.C. Queens Crossing Business Center 136-20 38th Avenue, Suite 3D Flushing, NY 11354 (718) 939-4633 ktung@kktlawfirm.com | Litigation | Contingent Unliquidated Disputed | | | $1,571,530.36 |
| 15 Liehong Zhuang/Xiao Yan Zhu c/o Trexler & Zhang, LLP 224 West 35th Street, 11th Floor New York, NY 10001 | Jonathan T. Trexler, Esq. Trexler & Zhang, LLP 224 West 35th Street, 11th Floor New York, NY 10001 (718) 888-7894 info@trexlerzhang.com | Litigation | Contingent Unliquidated Disputed | | | $1,005,000.00 |
| 16 Jun Chen aka Jonathan Ho c/o Wayne Wei Zhu, Esq. 41-25 Kissena Blvd, Suite 112 Flushing, NY 11355 | Wayne Wei Zhu, Esq. 41-25 Kissena Blvd, Suite 112 Flushing, NY 11355 (718) 353-8380 | Litigation | Contingent Unliquidated Disputed | | | $1,000,000.00 |
| 17 Samuel Dan Nunberg 600 S. Dixie Hwy, Suite 455 West Palm Beach, FL 33401 | Samuel Dan Nunberg 600 S. Dixie Hwy, Suite 455 West Palm Beach, FL 33401 (646) 318-0115 snunberg@winstonashe.co | Litigation | Contingent Unliquidated Disputed | | | $1,000,000.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 18 Weican "Watson" Meng and Boxun Inc. c/o Carollynn HG Callari, Esq. Callari Partners LLC 100 Somerset Corp Blvd., Suite 206 Bridgewater, NJ 08807 | Carollynn HG Callari, Esq. Callari Partners LLC 100 Somerset Corp Blvd., Suite 206 Bridgewater, NJ 08807 908.240.3964 ccallari@callaripartners.com | Wilful Injury | Contingent Unliquidated Disputed | | | $1,000,000.00 |
| 19 Yua Hua Zhu Shi c/o Kevin Tung, Esq. Kevin Kerveng Tung P.C. Queens Crossing Business Center 136-20 38th Avenue, Suite 3D Flushing, NY 11354 | Kevin Tung, Esq. Kevin Kerveng Tung P.C. Queens Crossing Business Center 136-20 38th Avenue, Suite 3D Flushing, NY 11354 (718) 939-4633 ktung@kktlawfirm.com | Litigation | Contingent Unliquidated Disputed | | | $981,501.72 |
| 20 Baker & Hostetler LLP Attn: Andrew Layden 200 S. Orange Avenue Suite 2300 Orlando, FL 32801 | Baker & Hostetler LLP Attn: Andrew Layden 200 S. Orange Avenue Suite 2300 Orlando, FL 32801 (407) 649-4070 alayden@bakerlaw.com | Professional Services | Contingent Disputed | | | $560,368.22 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                          :
In re:                     :    Chapter 11
                          :
GENEVER HOLDINGS CORPORATION, :    Case No. 22-[_____] ([___])
                          :
        Debtor.          :
                          :
-------------------------------------------------------x

**DECLARATION OF CLAIRE ABREHART, DIRECTOR OF GENEVER HOLDINGS**
**CORPORATION, IN SUPPORT OF DEBTOR'S CHAPTER 11 PETITION**

       I, Claire Abrehart, hereby declare under penalty of perjury to the best of my knowledge,

information, and belief:

       1.      I am the sole director (the "Director") of Genever Holdings Corporation (the

"Genever (BVI) Debtor").  I was appointed as the Director effective as of September 14, 2022.

       2.      I also am a director of Harneys Corporate Services Limited ("Harneys

Corporate"), Craigmuir Chambers, Road Town, Tortola, British Virgin Islands ("BVI"), a BVI

business company authorized and regulated by the BVI Financial Services Commission for the

provision of certain fiduciary services, including the provision of professional directors.  Harneys

Corporate has expertise in the provision of fiduciary services to clients incorporated in BVI. Its

services include the provision of registered agent/registered office services, the provision of

professional directors, and the provision of compliance and economic substance solutions.

       3.      In my capacity as Director of Genever (BVI) Debtor, I am generally familiar with

the Genever (BVI) Debtor's business and financial affairs, and books and records.  I am above

18 years of age, and I am competent to testify.

4.      On October 11, 2022 (the "Petition Date"), the Genever (BVI) Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Connecticut (the "Court"). I submit this declaration to assist the Court and parties in interest in understanding the circumstances related to the commencement of the Genever (BVI) Debtor's chapter 11 case under the Bankruptcy Code.

5.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with Luc A. Despins, as the chapter 11 trustee in the chapter 11 case of the Ho Wan Kwok (the "Trustee"), Case No. 22-50073 (JAM) (Bankr. D. Conn.), my review of relevant documents and information concerning the Genever (BVI) Debtor's business and financial affairs, or my opinions based upon my experience and knowledge. If called as a witness, I could and would testify competently to the facts set forth in this Declaration on that basis. I am authorized to submit this Declaration on behalf of the Genever (BVI) Debtor.

## **BACKGROUND**

A.      **Individual Debtor's Chapter 11 Case**

6.      On February 15, 2022, Ho Wan Kwok (the "Individual Debtor") filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Individual Debtor's chapter 11 case (defined below). No examiner has been appointed in the Individual Debtor's chapter 11 case.

8.      On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465 in Case No. 22-50073 (JAM)] (the "Trustee Order") directing the United States

2

Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of the Trustee as the chapter 11 trustee in the Individual Debtor's chapter 11 case [Docket No. 523 in Case No. 22-50073 (JAM)].

9.      On August 10, 2022, the Court entered an order [Docket No. 717 in Case No. 22-50073 (JAM)] (the "Corporate Governance Rights Order") which, among other things, (a) confirms the Trustee holds all of the Individual Debtor's economic and governance rights with respect to all corporate entities owned and/or controlled by the Individual Debtor, including the Genever (BVI) Debtor and (b) directs the Individual Debtor to "cooperate with the Trustee to enable the Trustee to perform his duties" and "surrender to the Trustee all property of the estate and any recorded information, including, without limitation, books, documents, records, and papers relating to property of the estate (including, without limitation, his shares in Genever (BVI) and all related corporate governance documents)."  Corporate Governance Rights Order 2, 3.

10.      In accordance with the Corporate Governance Rights Order, the Individual Debtor's shares in the Genever (BVI) Debtor were transferred to the Trustee and such transfer was registered with the registered agent for the Genever (BVI) Debtor in the British Virgin Islands ("BVI").

11.      On September 13, 2022, the Genever (BVI) Debtor entered into the Director Services Agreement with Harneys Corporate pursuant to which Harneys Corporate agreed, among other things, to provide my services for the position of the Director of the Genever (BVI) Debtor.  By shareholder's resolution dated September 14, 2022, I was appointed as the Director

of the Genever (BVI) Debtor effective as of September 14, 2022, replacing its former director, Mr. Ho Wan Kwok.

**B.     Genever (US)'s Chapter 11 Case**

12.     On October 12, 2020, Genever Holdings LLC (the "<u>Genever (US) Debtor</u>") filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "<u>New York Bankruptcy Court</u>").

13.     The Genever (US) Debtor is a wholly owned subsidiary of the Genever (BVI) Debtor.

14.     On the Genever (US) Debtor's Schedules of Assets and Liabilities, the Genever (US) Debtor's only scheduled assets are the residence at the Sherry Netherland Hotel (the "<u>Sherry Netherland Apartment</u>") in New York, New York, and a related security deposit for a total scheduled value of approximately $73 million.

15.     On September 30, 2022, the Trustee and the Genever (US) Debtor filed a motion in the New York Bankruptcy Court requesting that the Genever (US) Debtor's chapter 11 case be transferred to this Court, so that the Genever (US) Debtor's chapter 11 case can be jointly administered with the Individual Debtor's chapter 11 case.[1]  The hearing on the Venue Transfer Motion is currently scheduled for October 25, 2022.

<u>EVENTS PRECIPITATING CHAPTER 11 FILING</u>

16.     Pacific Alliance Asia Opportunity Fund LP ("<u>PAX</u>"), Bravo Luck Limited ("<u>Bravo Luck</u>"), the Genever (BVI) Debtor, the Individual Debtor, and Qiang Guo (*i.e.*, the

---

[1]     *See* Joint Motion of (A) Genever Holdings LLC and (B) Luc A. Despins as Chapter 11 Trustee for Estate of Ho Wan Kwok to Transfer, Pursuant to 28 U.S.C. §§ 1408 and 1412 and Bankruptcy Rule 1014(a), Venue of Chapter 11 Case of Genever Holdings LLC to Bankruptcy Court for District of Connecticut, *In re Genever Holdings LLC*, Case No. 20-12411 (JLG) (Sept. 30, 2022) (Bankr. S.D.N.Y.) [Docket No. 211] (the "<u>Motion to Transfer Venue</u>").  A copy of the Motion to Transfer Venue is attached hereto as **Exhibit A**.

Individual Debtor's son) are parties to litigation pending in the BVI courts regarding the ownership of the Sherry Netherland Apartment.  Notwithstanding that the Individual Debtor's estate owns all shares in the Genever (BVI) Debtor, which, in turn, wholly owns the Genever (US) Debtor, Bravo Luck—a BVI entity purportedly owned by the Individual Debtor's son—has asserted that it is the beneficial owner of the Sherry Netherland Apartment pursuant to a purported trust agreement, dated February 17, 2015.  The authenticity, validity, and enforceability of this purported trust agreement is the subject of dispute not only in the BVI litigation, but also the chapter 11 case of the Individual Debtor as well as the chapter 11 case of the Genever (US) Debtor.

17.    Moreover, in the BVI litigation, Bravo Luck has taken the position that the automatic stay in the Individual Debtor's chapter 11 case does not preclude it from continuing to litigate the ownership issues against the other parties to that litigation, including the Genever (BVI) Debtor.  While the Genever (BVI) Debtor and the Trustee disagree with Bravo Luck's position as to the effect of the automatic stay (including because the shares in the Genever (BVI) Debtor are owned by the Individual Debtor's estate), the Genever (BVI) Debtor has determined to avail itself of the protections of chapter 11 of the Bankruptcy Code so as to avoid time-consuming litigation of this issue, including in the BVI courts.

18.    In addition, as noted above, the Trustee and the Genever (US) Debtor have moved to transfer the Genever (US) Debtor's chapter 11 case to this Court so that the chapter 11 cases of the Individual Debtor and the Genever (US) Debtor can be administered efficiently before this Court.  The chapter 11 filing of the Genever (BVI) Debtor is part of this effort to address all issues related to the Sherry Netherland Apartment in a comprehensive and efficient manner with all parties before this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this day of October 11, 2022

_____
Claire Abrehart
Director of Genever Holdings Corporation

**GENEVER HOLDINGS CORPORATION**
**incorporated in the British Virgin Islands**
**Company No. 1862840**
(the *Company*)

Written resolutions of the sole director of the Company

---

**1        DISCLOSURE OF INTEREST**

The sole director confirms that she has no conflicts of interest in relation to the matters considered in these resolutions.

**2        CHAPTER 11 FILING**

2.1        **WHEREAS**, the sole director has received a request from the Company's sole shareholder (the *Shareholder*), namely the chapter 11 trustee for the chapter 11 case of Ho Wan Kwok, that the Company consider filing or causing to be filed a voluntary petition for relief (a *Chapter 11 Case*) under chapter 11 of title 11 of the United States Code (the *Bankruptcy Code*) in the United States Bankruptcy Court for the District of Connecticut (the *Bankruptcy Court*).

2.2        **WHEREAS**, the sole director of the Company (i) having consulted with legal counsel for the Shareholder and having fully considered each of the strategic alternatives available to the Company, taking into consideration, among other things, the liquidity position and debt obligations of the Company, and (ii) taking all relevant factors into account, including the chapter 11 case of Ho Wan Kwok pending in the Bankruptcy Court, has determined that it is desirable and in the best interests of the Company, its creditors, its shareholder and other interested parties, that the Company file or cause to be filed a Chapter 11 Case.

**3        RETENTION OF PROFESSIONALS**

3.1        **IT IS RESOLVED** that:

(a)        the Company shall be, and hereby is, authorized, directed and empowered to file or cause to be filed a Chapter 11 Case under the provisions of the Bankruptcy Code in the Bankruptcy Court.

(b)        to the extent necessary to execute and/or file the petitions, schedules, lists, motions, papers, documents, or other filings described below, the sole director or any person authorised by her to act on behalf of the Company (collectively, the *Authorized Persons*), acting alone or with one or more other Authorized Persons of the Company be, and hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, motions, papers, documents, or other filings, and to take any and all action that they deem necessary or proper to obtain such relief, including any action necessary to maintain the ordinary-course operation of the Company's business.

(c)        each of the Authorized Persons be, and hereby is, authorized and directed to (a) employ the law firm of Neubert, Pepe & Monteith, P.C (*Neubert*) as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code,

1

and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers an appropriate application for authority to retain the services of Neubert.

(d)     each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized, empowered, and directed to (a) execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, (b) in connection therewith, employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

## 4    GENERAL AUTHORIZATION

4.1    **IT IS RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized and directed, for and on behalf of the undersigned, to prepare, execute and deliver such other documents and to take such other action as they may deem necessary or advisable to carry out the purposes of the foregoing resolutions and that all such actions consistent with the foregoing resolutions that may have been taken to date are hereby authorized, ratified, approved and confirmed in all respects.


_____          October 11, 2022
                                          _____
**Claire Abrehart**                       Date
**Sole Director of the Company**

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

IN RE: **Genever Holdings Corporation**

CASE NO

CHAPTER **11**

**VERIFICATION OF CREDITOR MATRIX**

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date _October 11, 2022_          Signature _____

Claire Abrehart, Director

Adam Leitman Bailey P.C.
Attn: President or General Mgr
1 Batery Park Plaza Fl 18
New York, NY 10004-1646

Baker & Hostetler LLP
Attn: Andrew Layden
200 S. Orange Avenue Ste 2300
Orlando, FL 32801

Bi Hai Ge Lin
C/O Kevin Tung, Esq.
136-30 38th Avenue Ste 3d
Flushing, NY 11354

Boxun Inc
c/o Callari Partne
Carollynn HG Callari, Esq
100 Somerset Corporate Blvd Suite 206
Bridgewater, NJ 08807-2842

Bravo Luck Limited
Attn: President or General Mgr
PO Box 957
Off Shore Incorporation Centre Road
Town, Tortola BVI

Bravo Luck Limited
c/o Troutman Pepper
3000 Two Logan Square, 18th and Arch
Sts
Philadelphia, PA 19103

Brown Rudnick LLP
Attn: Tristan G. Axelrod, William R.
Baldiga
One Financial Center
Boston, MA 02111-2600

Chao-Chih Chiu
c/o TroyGould PC
Attn: Christopher A. Lilly
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2302

Cheng Jian Wu Jian She
c/o Kevin Kerveng Tung, P.C.
Attn:  Kevin Tung, Esq.
136-20 38th Avenue Suite 3D & 3F
Flushing, NY 11354-4232

Chenglong Wang
C/O HGT Law
Attn:  Hung Ta
250 Park Avenue Fl 7
New York, NY 10177-0799

Foley & Lardner LLP
Attn:  President or General Mgr
90 Park Avenue
New York, NY 10016-1301

Fu Le Hong Ma
c/o Kevin Tung, Esq.
136-30 38th Avenue Suite 3d
Flushing, NY 11354

Gaosheng Guo
c/o Law Office of Ning Ye, Esq.
Attn:  Ning Ye, Esq.
135-11 38th Avenue Suite 1A
Flushing, NY 11354-4440

Genever Holdings LLC
Attn:  President or General Mgr
781 Fifth Avenue Apt. 1801
New York, NY 10022-5520

Goldberg Weprin Finkel
Goldstein LLP
Attn:  J. Ted Donovan, Kevin J. Nash
1501 Broadway 22nd Floor
New York, NY 10036-5600

Golden Spring New York
c/o Berkeley Rowe
Marble Arch Park House
116 Park St
Mayfair, London UK W1K 6SS

Golden Spring New York
Attn: Max Krasner
162 E. 64th Street
New York, NY 10065-7478

Ho Wan Kwok
373 Taconic Road
Greenwich, CT 06831-2828

Hong Qi Qu
c/o Kevin Tung, P.C.
Attn:  Kevin Tung, Esq.
136-20 38th Avenue Suite 3D & 3F
Flushing, NY 11354-4232

Huizhen Wang
c/o TroyGould PC
Attn:  Christopher A. Lilly
1801 Century Park East 16th Floor
Los Angeles, CA 90067-2367

Internal Revenue Service
Attn: Centralized Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101-7346

Jia Li Wang
c/o Thompson Hine
Attn:  Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

Jiamei Lu
C/O Thompson Hine
Attn:  Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

Jian Gong
C/O Kevin Kerveng Tung, P.C.
Attn:  Kevin Tung, Esq.
136-20 38th Avenue Suite 3D
Flushing, NY 11354-4232

Jianhu Yi
C/O Arthur Angel, Esq.
1305 N. Poinsettia Place
Los Angeles, CA 90046-4305


Jonathan Young
141 Allenby Road
Wellington Point, QLD 4160 AUSTRALIA


Jun Chen aka Jonathan Ho
C/O Wayne Wei Zhu, Esq.
Attn: Wayne Wei Zhu
4125 Kissena Blvd Suite 112
Flushing, NY 11355-3150

Jun Liu
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

Kaixin Hong
C/O HGT Law
Attn: Hung Ta
250 Park Avenue 7th Floor
New York, NY 10177-0799

Keyi Zilkie
c/o TroyGould PC
Attn: Christopher A. Lilly
1801 Century Park East 16th Floor
Los Angeles, CA 90067-2302

Lamp Capital, LLC
Attn: Bernardo Enriquez
667 Madison Avenue
New York, NY 10065-8029


Lawall & Mitchell, LLC
Attn: Aaron A Mitchell
55 Madison Avenue Ste 400
Morristown, NJ 07960-7397

Liehong Zhuang
C/O Trexler & Zhang, LLP
Attn: Jonathan T. Trexler, Esq.
224 West 35th Street 12th Floor
New York, NY 10001-2532

Linda Cheng
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

Logan Cheng
c/o Randazza Legal Group, PLLC
100 Pearl Street 14th Fl
Hartford, CT 06103-4500

Luc A Despins
c/o Paul Hastings LLP
200 Park Avenue
New York, NY 10166-0019

Mao-Fu Weng
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

MAYER BROWN LLP
Attn: Derek L. Wright
71 South Wacker Drive
Chicago, IL 60606-4668

MAYER BROWN LLP
Attn: Douglas E. Spelfogel
1221 Avenue of the Americas
New York, NY 10020-1001

Nan Tong Si Jian
C/O Kevin Kerveng Tung, P.C.
Attn: Kevin Tung, Esq.
136-20 38th Avenue Suite 3D & 3F
Flushing, NY 11354-4232

New York State Attorney
General
Attn: Division of Administration
120 Broadway
New York, NY 10271-0002

NEW YORK STATE ATTORNEY
GENERAL
Attn: Division of Administration
28 LIBERTY STREET
New York, NY 10005-1496

Ning Ye
c/o Law Office of Ning Ye, Esq.
Attn: Ning Ye, Esq.
135-11 38th Avenue Suite 1A
Flushing, NY 11354-4440

NYC Dep't of Finance
Attn: Legal Affairs
345 Adams St Fl 3
Brooklyn, NY 11201-3739

NYC Dept of Law
Attn: Bernadette Brennan, Esq.
100 Church St Rm 5-233
New York, NY 10007-2601

NYS Dep't of Taxation
Attn: Bankruptcy/Special Procedure
PO Box 5300
12205-0300

O'Melveny & Myers LLP
Attn: Daniel Shamah
7 Times Square
New York, NY 10036-6524

Pacific Alliance Asia
Opportunity Fund LP
c/o O'Melveny & Myers
7 Times Sq
New York, NY 10036-6524

Pacific Alliance Asia
Opportunity Fund L.P.
c/o Foley & Lardner LLP
Attn: D. Spelfogel, R. Bernard and A.
Nann
90 Park Avenue
New York, NY 10016-1301

Pullman & Comley, LLC
Attn: Irve J. Goldman, Esq.
850 Main Street
Bridgeport, CT 06604-4988

Qiang Guo
c/o Berkeley Rowe
Marble Arch Park House
116 Park St
Mayfair, London UK W1K 6SS

Qiang Guo
c/o Bravo Luck Limited
P.O. Box 957
Off Shore Incorporation Centre Road Town
Tortola British Virgin Islands

Qiuju Jia
c/o Arthur Angel, Esq.
1305 N. Poinsettia Place
Los Angeles, CA 90046-4305

Romer Debbas LLP
Attn: President or General Mgr
275 Madison Ave Ste 801
New York, NY 10016-1153

Rui Ma
Attn: Carollynn HG Callari, Esq
Callari Partne
100 Somerset Corporate Blvd Suite 206
08807-2842

RuQin Wang
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
10017-4666

Samuel Dan Nunberg
600 South Dixie Highway Suite 455
West Palm Beach, FL 33401-5851

Samuel Nunberg
C/O Nesenoff & Miltenberg, LLP
Attn: Andrew T. Miltenberg, Esq.
363 Seventh Ave 5th Floor
10001-3915

SHI
C/O Thompson Hine
Attn: Steven A. Block, Esq.
20 N. Clark St. Ste 3200
60602-5093

STROOCK & STROOCK &
LAVAN LLP
Attn: Sherry Millman
Curtis C. Mechling
180 Maiden Lane
New York, NY 10038-4925

Teli Chen
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

The Sherry Netherland
Attn: President or General Mgr
781 5th Ave
New York, NY 10022-1046

U.S. Securities and Exchange
Commission
Attn: Bankruptcy Unit
100 F Street, N.E.
Washington, DC 20549

United States Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street Room 1006
New York, NY 10014-7016

Verdolino & Lowey, P.C.
Attn: President or General Mgr
124 Washington Street
Foxboro, MA 02035-1368


WA&HF, LLC/Ruizeng An
C/O AFN Law
Attn: Angus Ni, Esq.
41 Madison Avenue 31st Floor
New York, NY 10010-2345

WANG
C/O Carmody Torrance Sandak &
Hennessey
Attn: David Grudberg
195 Church Street, PO Box 1950
New Haven, CT 06509-1950

Weican Watson Meng
c/o Callari Partne
Attn: Carollynn HG Callari, Esq
100 Somerset Corporate Blvd Suite 206
Bridgewater, NJ 08807-2842

Weiguo Sun
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

Weixiand Ge
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

Wen Lin
C/O HGT Law
Attn: Hung Ta
250 Park Avenue 7th Floor
New York, NY 10177-0799

Wu Zheng
c/o Arkin Solbakken, LLP
Attn: Robert C. Angelillo
900 Third Avenue 18th Floor
New York, NY 10022-5000

Xiao Yan Zhu
C/O Trexler & Zhang, LLP
Attn: Jonathan T. Trexler, Esq.
224 West 35th Street 12th Floor
New York, NY 10001-2532

Xiaobo He
C/O HGT Law
Attn: Hung Ta
250 Park Avenue 7th Floor
New York, NY 10177-0799

Xiaoping Luo
C/O HGT Law
Attn: Hung Ta
250 Park Avenue 7th Floor
New York, NY 10177-0799

Xingyu Yan
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

Xiong Xian Wei Ye
C/O Kevin Tung, Esq.
Attn: Kevin Tung, Esq
136-20 38th Avenue Suite 3D & 3F
Flushing, NY 11354-4232

Xiqiu Bob Fu
c/o Pullman & Comley, LLC
Attn: Irve J. Goldman
850 Main St., P O Box 7006
Bridgeport, CT 06601-7006

Xiqiu Fu
c/o The Lanier Law Firm
Attn: Lawrence P. Wilson
10940 W. Sam Houston Pkwy N. Suite
100
Houston, TX 77064-5768

Yan Gao
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

Yan Zhao
C/O Law Office of Ning Ye, Esq.
Attn: Ning Ye, Esq.
135-11 38th Avenue, Suite 1A
Flushing, NY 11354-4440

Yang Lan
c/o Arkin Solbakken, LLP
Attn: Robert C. Angelillo
900 Third Avenue 18th Floor
New York, NY 10022-5000

Yang Lan
c/o Callari Partne
Carollynn HG Callari, Esq
100 Somerset Corporate Blvd Suite 206
Bridgewater, NJ 08807-2842

Yi Li
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

Ying Liu
C/O Thompson Hine
Attn: Brian P. Lanciault, Esq.
335 Madison Avenue 12th Floor
New York, NY 10017-4666

Yongbing Zhang
223 West Jackson Blvd. #1012
Chicago, IL 60606-6916

Yua Hua Zhuang Shi
C/O Kevin Kerveng Tung, P.C.
Attn: Kevin Tung, Esq.
136-20 38th Avenue Suite 3D & 3F
Flushing, NY 11354-4232

Yue Hua Zhu Shi
c/o Kevin Kerveng Tung, P.C.
Attn: Kevin Tung, Esq.
136-20 38th Avenue Suite 3D
Flushing, NY 11354-4232

Yunxia Wu
c/o TroyGould PC
Attn: Christopher A. Lilly
1801 Century Park East 16th Floor
Los Angeles, CA 90067-2302

Zeisler & Zeisler PC
Attn: Aaron Romney, James M. Moriarty
John L. Cesaroni, Eric Henzy, Stephen M.
Kindseth
10 Middle Street 15th Floor
Bridgeport, CT 06604-4299

Zhen Yuan Jian Zhu
C/O Kevin Tung, Esq.
136-30 38th Avenue Suite 3d
Flushing, NY 11354

Zheng (Bruno) Wu
c/o Callari Partne
Carollynn HG Callari, Esq
100 Somerset Corporate Blvd. Suite 206
Bridgewater, NJ 08807-2842

Zhengjun Dong
C/O HGT Law
Attn: Hung Ta
250 Park Avenue 7th Floor
New York, NY 10177-0799